MELVIN R. GRIMES, ESQ.
Nevada Bar No: 12972
Melg@grimes-law.com
THE GRIMES LAW OFFICE
808 South 7th Street
Las Vegas, NV 89101
p: (702) 347-4357
f: (702) 224-2160
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
\*\*\*\*\*\*\*\*\*\*\*

MARIA CORREA, both individually and as representative for, The ESTATE OF ABEL CORREA, GILBERTO CORREA, MOISES CORREA and RICARDO CORREA
          Plaintiff,

vs.

LAS VEGAS METROPOLITAN POLICE DEPARTMENT, A political subdivision of the State of Nevada, JOSEPH LOMBARDO, individually and in his official capacity as Sheriff of Clark County, GLENN TAYLOR, individually, ELI PRUNCHAK, individually, ROE and DOE SUPERVISORS, not yet known,
          Defendants.

<u>**COMPLAINT
and
JURY DEMAND**</u>

COMES NOW, Plaintiff Maria Correa, by and through her attorney, MELVIN R. GRIMES, ESQ. of The Grimes Law Office, and hereby files her Complaint, alleging the following:

**I.    JURISDICTION AND VENUE**

1. This Court has jurisdiction under 28 U.S.C. § 1331 & 1343, and 42 U.S.C. § 1983 & 1985, & 1988, and the 4th 5th and 14th Amendments to the United States Constitution; and supplemental jurisdiction with respect to state law claims pursuant to 28 U.S.C. 1367. Venue is proper in this District under 28 U.S.C. § 1391(b)(2). A substantial portion of the events and conduct giving rise to the violations of law complained of herein occurred in this District.

## II. PARTIES TO THIS ACTION

2. Plaintiff, Maria Correa, is the Personal Representative of the Estate of Abel Correa, Deceased. She files this lawsuit in both her individual capacity and her representative capacity on behalf of the Estate of Abel Correa.

3. Plaintiffs Abel Correa, Gilberto Correa, Moises Correa And Ricardo Correa are the putative siblings of Decedent Abel Correa.

4. At all times relevant herein, Plaintiffs were a resident and citizen of Clark County, Nevada.

5. At all times relevant herein, Defendant LAS VEGAS METROPOLITAN POLICE DEPARTMENT (hereinafter "METRO") was, and remains, a political subdivision of the State of Nevada. Defendant METRO is a County Sherriff's Office in the State of Nevada.

6. Pursuant to NRS § 248.045, Defendant METRO is also responsible for the training, hiring, control and supervision of all its Officers and Supervisors as well as the implementation and maintenance of official and unofficial policies. At all times relevant herein, METRO employed Co-Defendants Officer Glenn Taylor, Officer Eli Prunchak and other Police Officers.

7. At all times relevant herein, Defendant Joseph Lombardo (hereinafter "Lomabardo") was the duly elected Sheriff of Clark County Nevada. Lombardo was acting at all times in his capacity as Sheriff Taylor is a United States citizen and, upon information and belief, a resident of Clark County, Nevada. Plaintiff is suing Taylor in his individual capacity.

8. At all times relevant herein, Defendant Glenn Taylor (hereinafter "Taylor") was employed as a Police Officer with METRO. Taylor is a United States citizen and, upon information and belief, a resident of Clark County, Nevada. Plaintiff is suing Taylor in his individual capacity.

9. At all times relevant herein, Defendant Eli Prunchak (hereinafter "Prunchak") was employed as a Police Officer with METRO. Prunchak is a United States citizen and, upon information and belief, a resident of Clark County, Nevada. Plaintiff is suing Prunchak in his individual capacity.

10. At all relevant times herein, all of the actions of Defendants Taylor and Prunchak were acting under color of state law and pursuant to his authority as a Metro Police Officer. The actions of

other Police Officers and Supervisors, who are currently unidentified, were likewise performed under color of state law.

### III. ALLEGATIONS COMMON TO ALL CLAIMS

11. Paragraphs 1- 5 are hereby incorporated and included as though fully set forth herein.

12. On August 7, 2015 between the hours of 0600 AM and 1000AM at the residence of the Plaintiff, Maria Correa, did enter the home of the Plaintiff with the intention of arresting the decedent Abel Correa.

13. That Defendant, Taylor, knew that Abel Correa suffered from mental health issues.

14. That prior to August 7, 2015 Defendant METRO has assisted in and was aware that Abel Correa had been placed on a mental health hold.

15. That prior to August 7, 2015 METRO was aware that Abel Correa had never used violence towards police or another individual.

16. At all times material and relevant, Abel Correa did not possess and/or brandish a gun or a knife.

17. At all times material and relevant, Abel Correa posed no threat of harm to the defendant officers and/or to anyone else at or near the scene of the shooting, as Abel was hiding in a closet with the door closed and no means of escape.

18. That Prunchak ordered Abel Correa to raise his arms, and when Abel Correa complied, Defendant's discharged their weapons at least five times killing Able Correa.

19. That Defendant's used lethal force in attempting to detain Abel Correa in violation of METRO's use of force policy.

20. Abel Correa did not die immediately and instead suffered great conscious pain and suffering as a direct and proximate result of the said acts of Defendants Taylor and Prunchek. Abel Correa suffered the following injuries and damages:

    a. Violation of his constitutional rights under the 4th, 5th and 14th Amendments to the United States Constitution including, but not limited to, the right to be free from an unreasonable seizure of his person and/or to be free from the unnecessary and excessive use of deadly force;

    b. Loss of his life;

    c. Physical pain and suffering and emotional trauma and suffering;

    d. Medical, funeral and burial costs;

    e. Loss of wages and/or earning capacity;

    f. Loss of services, care, society, love, companionship, comfort and protection between Abel Correa and all family members and/or persons of his Estate.

## IV. FIRST CLAIM
## 42 U.S.C. SECTION 1983 - EXCESSIVE FORCE AND/OR UNLAWFUL USE OF DEADLY FORCE - DEFENDANTS TAYLOR AND PRUNCHAK

21. Plaintiffs incorporate by reference their allegations contained in Paragraphs 1 through 20, above, as though fully set forth herein.

22. Plaintiffs seek damages for injuries suffered by Abel Correa and the members of his family as set forth and described above pursuant to 42 U.S.C. § 1983 against Defendants Taylor and Prunchak who, while acting under color of law, violated Abel Correa's civil rights including the right to be free from unlawful seizure of his person and the use of excessive force and/or unlawful deadly force against his person.

23. Pursuant to the 4th, 5th and 14th Amendments to the United States Constitution, at all times relevant, Abel Correa had the right to be free from unlawful seizure, excessive force, and the unlawful use of deadly force.

24. At all times relevant, as police officers acting under color of law, Defendants Taylor and Prunchak were required to obey the laws of the United States including those laws identified and described the 4th, 5th and 14th Amendments to the United States Constitution.

25. To the contrary, in clear violation of the United States Constitution, including but not limited to the 4th, 5th and 14th Amendments, Defendants Taylor and Prunchak unlawfully seized Abel Correa, used excessive force against him and unlawfully used deadly force thereby inflicting horrendous personal injuries and ultimately death from which certain damages naturally followed to the members of Abel Correa's family and/or Estate.

26. Pursuant to 42 U.S.C. § 1983, Defendants are liable for all damages allowed under federal

law and under the Nevada Revised Statute § 41. . To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate the Plaintiffs and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

27. Pursuant to the unlawful and unconstitutional actions perpetrated by Defendants, Abel Correa and/or the members of his family have suffered the following injuries and damages for which compensation is hereby demanded:

   a. Reasonable medical, funeral and burial expenses;
   b. Emotional distress;
   c. Loss of personal freedom and liberty;
   d. Pain and suffering;
   e. Fright and shock;
   f. Horror, outrage and indignity;
   g. Economic damages including lost wages and/or loss of earning capacity;
   h. Exemplary damages;
   i. Loss of love, society and companionship for the members of the Decedent's Estate;
   j. Loss of services, gifts and/or gratuities;
   k. An award of hedonic damages;
   l. Reasonable attorney fees and costs; and
   m. All other such relief which appears reasonable and just under the circumstances.

28. WHEREFORE, Plaintiffs request that this Court award to them and against the Defendants the following damages and/or relief:

   A. Compensation for all allowable economic damages;
   B. Compensation for all allowable non-economic damages;
   C. Hedonic damages;
   D. Exemplary damages;
   E. Attorney fees and costs;
   F. Interest on all allowable damages;

G. Any and all additional damages allowed under Nevada law including Nevada Revised Statute § 41

H. Any and all additional damages allowed under 42 U.S.C. § 1983 and/or federal common law; and

I. Such other and further relief as appears reasonable and just under the circumstances of this case.

## V.   SECOND CLAIM

### 42 U.S.C. SECTION 1983 - VIOLATION OF CIVIL RIGHTS THROUGH CUSTOMS. POLICIES. PROCEDURES AND TRAINING - DEFENDANTS - DEFENDANT LOMBARDO AND ROES AND DOES YET UNKNOWN

29. Plaintiffs incorporate by reference their allegations contained in Paragraphs 1 through 28, above, as though fully set forth herein.

30. At all times material and relevant, Defendant Lombardo and Unknown Defendant's Roe's and Doe's had actual and/or constructive knowledge that Defendants Taylor and Prunchak lacked sufficient knowledge and training in the Departments Use of Force Policy;

31. That such lacking posed a pervasive and unreasonable risk of constitutional injury to members of the public.

32. They knew or should have known officers were not aware of the policy regarding passive resistance and the authorized use of force.

33. That such failure to train and inform has created an acceptance and pervasive view that police may use any level of force they choose rather than acceptable uses of force.

34. That there is an affirmative causal link between the acts and/or omissions of the aforementioned supervisors and the injuries and damages claimed by the Plaintiffs herein.

35. That Lombardo and Unknown Defendant's Roe's and Doe's failure to properly train, supervise and ensure implementation of the adopted use of force policy had effect that condoned, ratified and encouraged excessive use of force by Defendants Taylor and Prunchak.

36. The Defendants must be held responsible for the injuries and damages suffered by Abel Correa as well as the members of his family and/or Estate including, but not limited to the

following:

    a. Reasonable medical, funeral and burial expenses;

    b. Emotional distress;

    c. Loss of personal freedom and liberty;

    d. Pain and suffering;

    e. Fright and shock;

    f. Horror, outrage and indignity;

    g. Economic damages including lost wages and/or loss of earning capacity;

    h. Exemplary damages;

    i. Loss of love, society and companionship for the members of the Decedent's Estate;

    j. Loss of services, gifts and/or gratuities;

    k. An award of hedonic damages;

    l. Reasonable attorney fees and costs; and

    m. All other such relief which appears reasonable and just under the circumstances.

37. WHEREFORE, Plaintiffs request that this Court award to them and against the Defendants the following damages and/or relief:

    A. Compensation for all allowable economic damages;

    B. Compensation for all allowable non-economic damages;

    C. Punitive damages;

    D. Hedonic damages;

    E. Exemplary damages;

    F. Attorney fees and costs;

    G. Interest on all allowable damages;

    H. Any and all additional damages allowed under Nevada law including Nevada Revised Statute § 41;

    I. Any and all additional damages allowed under 42 U.S.C. § 1983 and/or federal common law; and

    J. Such other and further relief as appears reasonable and just under the circumstances

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 • F: (702) 224-2160

of this case.

### VI.   THIRD CLAIM

### WRONGFUL DEATH - DEFENDANTS - ALL DEFENDANTS

38. Plaintiffs incorporate by reference their allegations contained in Paragraphs 1 through 37, above, as though fully set forth herein.

39. Plaintiffs claim damages for the wrongful death of Abel Correa and for his loss of income, services, protection, care, assistance, society, love, companionship, comfort, guidance, counsel and advice.

40. .Plaintiffs also claim damages for funeral, burial, medical, probate and all other economic expenses and costs associated or related to the death of Abel Correa, same being identified in Nevada Revised Statute § 41.085.

41. That such damages are limited by NRS § 41.035 to $100,000 per occurrence.

42. That each Defendant, Taylor and Prunchak, took independent action which led to the wrongful death of Abel Correa.

43. That each action should be award the statutory limitation of $100,000.

44. That a total of five shots were fired, each which did or could have caused the death of Abel Correa.

45. WHEREFORE, Plaintiffs request that this Court award to them and against the Defendants $500,000.

46. WHEREFORE, Plaintiffs request that this Court award attorney's fees.

### VII.   FOURTH CLAIM

### SURVIVAL ACTION

47. Plaintiffs incorporate by reference their allegations contained in Paragraphs 1 through 46, above, as though fully set forth herein.

48. Plaintiff, Decedent, Abel Correa, was forced to endure great mental and emotional torture, fright and shock, and conscious pain and suffering. These injuries were suffered before his death.

49. Abel Correa filed no action during his lifetime, but under the laws of the State of Nevada, an

action survives his death and may be asserted by his Estate.

50. 53. On behalf of the Estate of Abel Correa, Plaintiffs hereby claim damages for all of the aforementioned injuries and/or any and all other damages allowed under Nevada Revised Statute § 41.

51. WHEREFORE, Plaintiffs request that this Court award to them and against the Defendants the following damages and/or relief:

    A. Compensation for all allowable economic damages;

    B. Compensation for all allowable non-economic damages;

    C. Hedonic damages;

    D. Exemplary damages;

    E. Attorney fees and costs;

    F. Interest on all allowable damages;

    G. Any and all additional damages allowed under Nevada law including Nevada Revised Statute § 41;

    H. Any and all additional damages allowed under 42 U.S.C. § 1983 and/or federal common law; and

    I. Such other and further relief as appears reasonable and just under the circumstances of this case.

### VIII.    FIFTH CLAIM
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

52. Plaintiffs incorporate by reference their allegations contained in Paragraphs 1 through 51, above, as though fully set forth herein.

53. Plaintiff, Maria Correa, is the mother of the Decedent Abel Correa, thus she is closely related to the Decedent.

54. Plaintiff Moises Correa is the brother of Decedent Abel Correa, thus he is closely related to the Decedent.

55. Plaintiff's were in the immediate area of the Defendant's actions, in fact each witnessed the Defendant's actions.

56. Plaintiff's suffered immeasurable shock as a result of seeing their family member shot by the Defendant's.
57. Plaintiff's were exposed to greater harm and shock, as they assisted METRO in locating Abel Correa.
58. Defendant's actions lacked justification.
59. Defendant's lacked sufficient threat to warrant Deadly Force to be used against Abel Correa; Specifically;
    a. The alleged criminal conduct was vandalism, a misdemeanor;
    b. There was no active resistance to METRO nor was Abel Correa evading arrest by flight;
    c. Under the circumstances of the event METRO had limitless time available in deciding how to apprehend Abel Correa;
    d. METRO had limitless resources available to assist in the apprehension of Abel Correa;
    e. Abel Correa had no access to weapons, Taylor had previously been in the house, searched the house, and knew there was no weapons in the home, further Taylor and Prunchak were informed by the Plaintiff's there were no weapons in the home;
    f. There were no other exigent circumstances that justified the decision to implement deadly force by Metro.
60. Plaintiff's suffered emotional harm as a result of contemporaneous observation of the action of METRO.
61. WHEREFORE, Plaintiffs request that this Court award to them and against the Defendants the following damages and/or relief:
    A. Compensation for all allowable economic damages;
    B. Compensation for all allowable non-economic damages;
    C. Hedonic damages;
    D. Exemplary damages;
    E. Attorney fees and costs;

F. Interest on all allowable damages;

G. Any and all additional damages allowed under Pennsylvania law including the Wrongful Death statute and/or the Survival statute;

H. Any and all additional damages allowed under 42 U.S.C. § 1983 and/or federal common law; and

I. Such other and further relief as appears reasonable and just under the circumstances of this case.

### IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff's pray for a judgment in favor of Plaintiff's and against Defendant's as follows:

1. For compensatory and special damages for violation of 42 USC 1982 in excess of $10,000,000
2. For Compensatory damages pursuant to NRS § 41 in the amount of $700,000;
   a. $500,000 for the five separate events of Officers Tayler and Prunchak shooting Abel Correa;
   b. $100,000 for the Negligent Infliction of Emotional Distress on Maria Correa;
   c. $100,000 for Negligent Infliction of Emotional Distress on Moises Correa
3. For lost future earnings of Abel Correa in the amount of $1,821,040.00
4. For Attorney's Fees and Cost incurred;

//
//
//
//
//
//
//
//

5. For Such other relief as this court deems appropriate.

Respectfully submitted this \_\_\_\_\_ day of August, 2016

THE GRIMES LAW OFFICE

MELVIN R. GRIMES, ESQ.
Nevada Bar No: 12972
Melg@grimes-law.com
THE GRIMES LAW OFFICE
808 South 7th Street
Las Vegas, NV 89101
p: (702) 347-4357
f: (702) 224-2160
*Attorney for Plaintiffs*

## X.   DEMAND FOR JURY TRIAL

Plaintiffs, by and through their attorneys, THE GRIMES LAW OFFICE PLLC, hereby request a trial by jury in the above-captioned matter.

Respectfully submitted this _4th_ day of _August_, 2016

                              THE GRIMES LAW OFFICE

                              _/s/ Melvin R. Grimes_
                              MELVIN R. GRIMES, ESQ.
                              Nevada Bar No: 12972
                              Melg@grimes-law.com
                              THE GRIMES LAW OFFICE
                              808 South 7th Street
                              Las Vegas, NV 89101
                              p: (702) 347-4357
                              f: (702) 224-2160
                              *Attorney for Plaintiffs*

VERIFICATION

STATE OF NEVADA )
                ) ss:
COUNTY OF CLARK )

I, MARIA CORREA, under penalties of perjury, being first duly sworn, deposes and says:

That I am the Plaintiff in the above-entitled action; that I have read the foregoing COMPLAINT AND JURY DEMAND and know the contents thereof; that the same is true of my own knowledge, except for those matters therein contained stated upon information and belief, and as to those matters, I believe them to be true.

DATED this _____ day of July, 2016.

_____
GILBERTO CORREA

SUBSCRIBED and SWORN
To me by ** GILBERTO CORREA **
This _____ Day of July, 2016

_____
Notary Public

SHANNON M. GRIMES
Notary Public-State of Nevada
APPT. NO. 15-3331-1
My App. Expires October 01, 2019

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 • F: (702) 224-2160

VERIFICATION

STATE OF NEVADA  )
                 ) ss:
COUNTY OF CLARK  )

I, MARIA CORREA, under penalties of perjury, being first duly sworn, deposes and says:

That I am the Plaintiff in the above-entitled action; that I have read the foregoing COMPLAINT AND JURY DEMAND and know the contents thereof; that the same is true of my own knowledge, except for those matters therein contained stated upon information and belief, and as to those matters, I believe them to be true.

DATED this _____ day of June, 2016.

_____
MARIA CORREA

SUBSCRIBED and SWORN
To me by ** MARIA CORREA **
This _____ Day of July, 2016

_____
Notary Public

SHANNON M. GRIMES
Notary Public-State of Nevada
APPT. NO. 15-3331-1
My App. Expires October 01, 2019

VERIFICATION

STATE OF NEVADA )
               ) ss:
COUNTY OF CLARK )

I, MOISES CORREA, under penalties of perjury, being first duly sworn, deposes and says:

That I am the Plaintiff in the above-entitled action; that I have read the foregoing COMPLAINT AND JURY DEMAND and know the contents thereof; that the same is true of my own knowledge, except for those matters therein contained stated upon information and belief, and as to those matters, I believe them to be true.

DATED this _____ day of June, 2016.

_Moises Correa_
MOISES CORREA

SUBSCRIBED and SWORN
To me by ** MOISES CORREA **
This _____ Day of July, 2016

_[signature]_
Notary Public

SHANNON M. GRIMES
Notary Public-State of Nevada
APPT. NO. 15-3331-1
My App. Expires October 01, 2019

1  VERIFICATION

2  STATE OF NEVADA  )
                   ) ss:
3  COUNTY OF CLARK )

4

5  I, RICARDO CORREA, under penalties of perjury, being first duly sworn, deposes and says:

6  That I am the Plaintiff in the above-entitled action; that I have read the foregoing

7  COMPLAINT AND JURY DEMAND and know the contents thereof; that the same is true of my

8  own knowledge, except for those matters therein contained stated upon information and belief, and

9  as to those matters, I believe them to be true.

DATED this __1__ day of ~~June~~ August, 2016.

_/s/ Ricardo Correa_
RICARDO CORREA

SUBSCRIBED and SWORN
To me by ** RICARDO CORREA **
This 1st Day of ~~July~~ August, 2016

_/s/ Shannon Grimes_
Notary Public

SHANNON M. GRIMES
Notary Public-State of Nevada
APPT. NO. 15-3331-1
My App. Expires October 01, 2019

THE GRIMES LAW OFFICE, PLLC
808 SOUTH 7TH STREET
LAS VEGAS, NEVADA 89101
P: (702) 347-4357 · F: (702) 224-2160