UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Maria Correa, et al., | 2:16-cv-01852-JAD-NJK |
| Plaintiffs | |
| v. | **Order Granting in Part and Denying in Part Motion for Partial Dismissal** |
| Las Vegas Metropolitan Police Department, et al., | [ECF No. 10] |
| Defendants | |

Maria Correa sues individually and as the representative of the estate of her son Abel Correa, who died after he was shot by Las Vegas Metropolitan Police (Metro) officers during an in-home arrest. Abel's siblings Gilberto, Moises, and Ricardo Correa also bring claims on their own behalf and to recover on behalf of Abel. Plaintiffs sue Metro, Sheriff Joseph Lombardo, and Metro officers Glenn Taylor and Eli Prunchak for excessive force and related claims. Defendants now move for partial dismissal. I dismiss claims one through four brought by Abel's siblings and plaintiffs' §1983 claim against Sheriff Lombardo and Metro, and I deny the motion in all other respects.

**Background**

Plaintiffs allege that on the morning of August 7, 2015, officers Taylor and Prunchak entered Maria Correa's residence to arrest Abel.[1] Plaintiffs claim that Officer Taylor knew that Abel suffered from mental-health issues, and Metro knew that Abel had been placed on a mental-health hold.[2] When the officers arrived, Abel, who was unarmed, was hiding in a closet with the door closed.[3] Plaintiffs allege that, when Officer Prunchak ordered Abel to raise his arms and Abel

---

[1] ECF No. 1 at ¶ 12.

[2] *Id.* at ¶¶ 12–14.

[3] *Id.* at ¶¶ 16–17.

complied, the officers discharged their weapons at least five times, killing Abel.[4] Plaintiffs allege that the officers' use of lethal force in attempting to detain Abel violated Metro's use-of-force policy that the officers were inadequately trained to follow.[5]

Plaintiffs assert four claims: (1) excessive force (against officers Taylor and Prunchak); (2) a *Monell* claim (against Lombardo/Metro); (3) wrongful death (against all defendants); (4) "survival action" (against unnamed defendants); and (5) negligent infliction of emotional distress (against unnamed defendants).[6] Defendants move for partial dismissal, arguing that Abel's siblings lack standing to pursue any claims on his behalf, all claims against Sheriff Lombardo are redundant of the claims against Metro, and that plaintiffs' *Monell* claim fails as pled.

## Discussion

### A.   Motion to dismiss standards

Rule 8 of the Federal Rules of Civil Procedure requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[7] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[8] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[9] In other words, a complaint must make direct or inferential allegations about "all

---

[4] *Id.* at ¶ 18.

[5] *Id.* at ¶ 19.

[6] Adding to the confusion, plaintiffs repeatedly allege that "defendant's" engaged in unlawful acts and that Abel was shot by "defendant's," so it is unclear whether plaintiffs mean the plural "defendants" or whether they are intending to allege that one of the defendant's (singular) action or multiple defendants' (plural) actions caused the harm. See ECF No. 1 at ¶¶ 55, 56, 59.

[7] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[8] *Twombly*, 550 U.S. at 570.

[9] *Iqbal*, 556 U.S. at 678.

the material elements necessary to sustain recovery under *some* viable legal theory."[10]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[11] Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[12] Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[13] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[14] A complaint that does not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[15]

**B.    Abel's siblings lack standing to bring any claims on his behalf.**

A section 1983 claim "that accrued before death survives the decedent when state law authorizes a survival action as a 'suitable remed[y] . . . not inconsistent with the Constitution and laws of the United States. . . .'"[16] Nevada law provides for the survival of a cause of action for injuries suffered by an individual who dies before judgment is rendered.[17] But the right to bring a survival action extends "only to the official representatives of an individual's estate."[18]

---

[10] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[11] *Iqbal*, 556 U.S. at 678–79.

[12] *Id.*

[13] *Id.* at 679.

[14] *Id.*

[15] *Twombly*, 550 U.S. at 570.

[16] *Smith v. City of Fontana*, 818 F.2d 1411, 1416–17 (9th Cir. 1987)(*overruled on other grounds by Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1041 (9th Cir. 1999),(citing 42 U.S.C. § 1988).

[17] Nev. Rev. Stat. § 41.100(3).

[18] *Moreland v. Las Vegas Metropolitan Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998).

Defendants contend that, because the plaintiff-siblings do not allege that they are the administrators of Abel's estate or his legal heirs, the siblings lack standing to pursue claims on his behalf.[19] Plaintiffs concede that the siblings lack standing to sue on Abel's behalf: "[p]laintiffs acknowledge only Maria Correa (one of the named plaintiffs) has standing to sue under a wrongful death cause of action. Nevertheless, the brothers of Abel Correa, who was [sic] also present in the home at the time of the shooting, suffered emotional distress and their claim for Negligent Infliction of Emotional Distress should stand."[20] But plaintiffs then confusingly try to defend the siblings' § 1983 claim by explaining that the defendants violated the siblings' constitutional rights by negligently causing them to suffer emotional distress.[21]

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law.[22] The siblings have not alleged the violation of a right secured by the Constitution or the laws of the United States, and their NIED-based § 1983 claim fails as a matter of law. And to the extent the claim is based on violations of Abel's Fourth Amendment right to be free from excessive force, the siblings lack standing to pursue it. I also find that the siblings lack standing to pursue the state-law claims for wrongful death and "survival action," and I deem plaintiffs' failure to meaningfully oppose defendants' motion on that point a consent to the dismissal of those claims brought by the siblings.[23] I therefore dismiss claims one through four brought by the siblings with prejudice because these deficiencies could not be cured by amendment.[24]

---

[19] ECF No. 10 at 5–7.

[20] ECF No. 13 at 4.

[21] *Id.* at 4.

[22] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

[23] L.R. 7-2(d).

[24] For the first time in the reply brief, defendants argue that the negligent-infliction-of-emotional-distress claim fails because plaintiffs allege only that Maria and Moises "were in the immediate area

**C.     Plaintiffs' § 1983 claim against Sheriff Lombardo is dismissed.**

Though not a model of clarity, it appears that plaintiffs are suing Sheriff Lombardo in his official and individual capacities.  To the extent plaintiffs sue Sheriff Lombardo in his official capacity, this claim is duplicative of the §1983 claim against Metro, and I dismiss claim two on that basis.[25]

Plaintiffs' individual-capacity claim against Sheriff Lombardo also fails as pled because they offer no factual allegations to show that he personally participated in the shooting.  There is no respondeat superior liability in §1983 actions.  "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them."[26]  Plaintiffs offer no facts to show that Sheriff Lombardo participated in the decision to use deadly force against Abel, so their personal-capacity claim fails as pled.  The only allegations plaintiffs offer in their complaint or in their opposition to support a personal-capacity claim against Sheriff Lombardo are that he "knew or should have known that [Officers Taylor and Prunchak] lacked sufficient training in the use of force which caused an unreasonable risk of constitutional injury to the public."[27]  But these allegations are duplicative of the *Monell* claim against Metro.  Accordingly, I grant defendants' motion to dismiss claim two against Sheriff Lombardo.[28]

---

of the shooting" but there are no allegations that brothers Gilberto and Ricardo were present or that any plaintiff witnessed the actual shooting. ECF No. 14 at 5.  I decline to consider this argument because it was raised for the first time in reply, which left plaintiffs without the opportunity to respond.

[25] *Center for Bio-Ethical Reform, Inc. v. Los Angeles Cty Sheriff Dept.*, 533 F.3d 780, 799 (9th Cir. 2008) (explaining that "[a]n official capacity suit against a municipal officer is equivalent to a suit against the entity") (citing *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985)).

[26] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

[27] ECF No. 1 at ¶¶ 30–31; ECF No. 13 at 6.

[28] For the first time in the reply brief, defendants argue that all state-law claims against Sheriff Lombardo should be dismissed under NRS § 41.0335. ECF No. 14 at 7.  I also decline to consider this argument.  Defendants' dismissal motion argued only that dismissal of the § 1983 claim against

**D.     Plaintiffs' *Monell* claim is insufficiently pled.**

To hold a municipal entity liable under § 1983, a plaintiff must show that the execution of a municipal policy or custom caused the constitutional injury.[29] Plaintiffs do not allege that Metro had a use-of-force policy that was unconstitutional on its face; they allege that Officers Taylor and Prunchak failed to follow Metro's use-of-force policy and that Metro failed to train these officers to do so. A municipality's failure to train an employee who has caused a constitutional violation can be the basis for § 1983 liability where the failure to train amounts to deliberate indifference to the rights of persons with whom the employee comes into contact.[30] The plaintiff must show that the training program is inadequate and that the inadequate training "can justifiably be said to represent municipal policy."[31] A county's failure to adequately train its employees to implement a facially valid policy can amount to deliberate indifference.[32]

Plaintiffs argue that they have alleged a colorable *Monell* claim because they allege that "Lombardo and Unknown Roes and Does['] failure to properly train and supervise and ensure implementation of the adopted use policy had effect that condoned, ratified and encouraged use of excessive force . . . ."[33] This is wholly insufficient to state a plausible claim under *Iqbal* and *Twombley*, which teach that mere recitals of a claim's elements, supported only by conclusory statements, are insufficient to survive a dismissal challenge.[34] I therefore dismiss claim two against Metro.

---

Sheriff Lombardo was proper, and did not address the state-law claims against him. ECF No. 10 at 9–11.

[29] *Long v. Cty of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

[30] *City of Canton Ohio v. Harris*, 489 U.S. 378, 388 (1989).

[31] *Long*, 442 F.3d at 1187 (citing *Canton*, 489 U.S. at 390).

[32] *Berry v. Baca*, 379 F.3d 764, 768 (9th Cir. 2004).

[33] ECF No. 1 at ¶ 35.

[34] *Iqbal*, 556 U.S. at 678–79.

**E.     Leave to amend**

Despite defendants' thorough dismissal motion explaining the deficiencies in plaintiffs' complaint, plaintiffs do not request leave to amend. Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that "[t]he court should freely give leave when justice so requires," but leave to amend may be denied if the proposed amendment is futile.[35] In determining whether to grant leave to amend, district courts consider five factors: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.[36] "Futility alone can justify the denial of a motion to amend."[37]

If plaintiffs wish to amend their complaint to re-plead a § 1983 claim against Sheriff Lombardo and a *Monell* claim against Metro, and they can plead true facts to cure the deficiencies that I have identified in this order, they should file a motion for leave to amend keeping the above factors in mind. I express no opinion about the merits of any such motion at this time. For now, this case will proceed on claims one, three, and four (on behalf of the estate) and five (on behalf of all plaintiffs) and against Sheriff Lombardo and Metro (claims three through five) and officers Taylor and Prunchak (all remaining claims).

---

[35] *Carrico v. City & Cty of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

[36] *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (internal citation omitted).

[37] *Id.* (Internal citation omitted).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for partial dismissal **[ECF No. 10] is GRANTED in part and DENIED in part:**

**Claims one through four brought by Gilberto, Moises, and Ricardo Correa are DISMISSED with prejudice.**

**Plaintiffs' §1983 claim against Sheriff Lombardo and Metro (claim two) is DISMISSED without prejudice.**

Dated this 15th day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge