# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Maria Correa, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>    Defendants | Case No.: 2:16-cv-01852-JAD-NJK<br><br>**Order Granting in Part Defendants' Motion for Summary Judgment**<br><br>[ECF No. 32] |

Plaintiffs Maria, Gilberto, Moises, and Ricardo Correa sue the Las Vegas Metropolitan Police Department (Metro), Sheriff Joseph Lombardo, Officer Glenn Taylor, and Officer Eli Prunchak for the circumstances surrounding the death of Abel Correa.[1] The plaintiffs allege that the defendants violated 42 U.S.C. § 1983 when they used deadly force against Abel. They also allege that they are entitled to relief under Nevada's wrongful-death and survival statutes. Lastly, Maria and Moises, who were near the scene when Abel was killed, seek their own damages for negligent infliction of emotional distress (NIED).

All defendants move for summary judgment. Because Sheriff Lombardo was not personally involved in the incident underlying this complaint, I grant summary judgment in his favor. I deny summary judgment without prejudice on the plaintiffs' excessive-force and survival claims to allow the plaintiffs to cure any estate-related defects affecting their standing to bring those claims. And I deny summary judgment on the plaintiffs' wrongful-death claim because discretionary immunity does not apply to this use-of-force decision, and on the NIED claim because genuine issues of fact preclude it.

---

[1] Because all of the plaintiffs share the same last name, I refer to them by their first names. I intend no disrespect in doing so.

1

**Discussion**

**A.     Standing**

The defendants argue that none of the plaintiffs has standing to bring § 1983 or survival claims because, although Maria brought this suit both individually and "as representative of the Estate of Abel Correa," she has not been officially appointed as an administrator or representative of his estate.[2]

"Fourth Amendment claims are 'personal' and may not be 'vicariously asserted.'"[3] Section 1983 actions, however, "may be brought by the survivors of an individual killed as a result of an officer's excessive use of force, provided state law authorizes a survival action."[4] Nevada law provides for the survival of a cause of action for injuries suffered by an individual who dies before judgment is rendered.[5] But this right extends only to the official representatives of an individual's estate; family members and heirs are not included, in the sense that they cannot bring a claim simply because they are family members or heirs.[6] To pursue a survival cause of action, the plaintiff must be a "duly appointed representative[] of the deceased's estate."[7]

But Maria's assertion of claims on behalf of Abel's estate appears premature. Federal Rule of Civil Procedure 17 provides that I "may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed

---

[2] In response to one of the defendants' interrogatory requests asking for the date and court where Maria was appointed as the administrator for Abel's estate, Maria responded, "I was not appointed. As his closest surviving relative I assumed the role of Representative." ECF No. 32-3 at 2. The defendants assert that a "review of applicable Clark County court databases does not reveal that anyone has ever been appointed the official administrator or representative of Abel's estate." ECF No. 32 at 14. The plaintiffs do not contest that characterization, and they ask for leave to cure this defect.

[3] *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123 (9th Cir. 2017) (citing *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir. 1998)).

[4] *Id.* (citations and internal quotations omitted).

[5] Nev. Rev. Stat. § 41.100(3).

[6] *Moreland*, 159 F.3d at 369.

[7] *Id.* at 370.

for the real party in interest to ratify, join, or be substituted into the action."[8] The purpose of Rule 17 is to "prevent forfeiture of a claim when an honest mistake was made,"[9] which is consistent with the Ninth Circuit's "long-standing policy in favor of deciding cases on the merits."[10]

The plaintiffs acknowledge their mistake and ask for leave to cure the defect and name a duly appointed representative as a real party in interest. The defendants do not identify any prejudice they would suffer were I to allow the plaintiffs to do so, and I find that the plaintiffs should be given sufficient time to cure their defect. So I deny the defendants' motion for summary judgment on the plaintiffs' excessive-force and survival claims without prejudice, and I decline to consider these claims' merits until the plaintiffs have had a fair opportunity to cure their standing defect.

**B.  Wrongful death**

The defendants contend that they are statutorily immune from the plaintiffs' wrongful-death claim under N.R.S. § 41.032. Section 41.032 grants Metro and its employees discretionary immunity from state-law claims based on "the failure to exercise or perform a discretionary function . . . whether or not the discretion involved is abused."[11] The Nevada Supreme Court has adopted the Supreme Court's *Berkovitz-Gaubert*[12] test to determine whether a state official's actions are protected by discretionary immunity.[13] To qualify, the action must (1) involve an

---

[8] Fed. R. Civ. P. 17(a)(3).

[9] *Goodman v. United States*, 298 F.3d 1048, 1054 (9th Cir. 2002); *see also* 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1555 (3d ed. 2017) (noting the "judicial tendency to be lenient when an honest mistake has been made in selecting the proper plaintiff").

[10] *Jones*, 873 F.3d at 1128.

[11] Nev. Rev. Stat. § 41.032 ("no action may be brought . . . against . . . an officer or employee of the State or any of its agencies or political subdivisions which is: . . . 2. Based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the State or any of its agencies or political subdivisions or of any officer, employee or immune contractor of any of these, whether or not the discretion involved is abused").

[12] *See Berkvitz v. United States*, 486 U.S. 531 (1988); *United States v. Gaubert*, 499 U.S. 315 (1991).

[13] *Martinez v. Maruszczak*, 168 P.3d 720, 728–29 (Nev. 2007).

3

element of individual judgment or choice and (2) be based on considerations of social, economic, or political policy.[14] "[I]f the injury-producing conduct is an integral part of governmental policy-making or planning, if the imposition of liability might jeopardize the quality of the governmental process, or if the legislative or executive branch's power or responsibility would be usurped, immunity will likely attach under the second criterion."[15] The court need not determine that a state actor "made a conscious decision regarding policy considerations";[16] the inquiry instead focuses "on the nature of the actions taken and on whether they are susceptible to policy analysis."[17] Since the Nevada Supreme Court adopted this standard, "federal courts applying Nevada law have been reluctant to grant discretionary immunity to police officers accused of using excessive force"[18] because an officer's decisions regarding "the amount of force to use are not the kind of decisions the discretionary function exception was designed to shield."[19] Plus, acts that violate the Constitution are not discretionary.[20]

The plaintiffs' wrongful-death claim is based on the same excessive-force allegations that undergird their Fourth Amendment claim. I agree with the courts that have determined that the discretionary-function exception does not protect decisions regarding use of force. Evaluating whether officers used excessive force does not involve judicial second-guessing of legislative decisions grounded in social, economic, or political policy. An officer's obligation to use reasonable force is grounded in the United States and Nevada Constitutions, not policy decisions

---

[14] *Id.* at 729.

[15] *Id.* (internal citations and quotations omitted).

[16] *Id*. at 729.

[17] *Id.*

[18] *Plank v. Las Vegas Metropolitan Police Dep't*, 2016 WL 1048892, at *8 (D. Nev. Mar. 14, 2016); *see e.g., Huff v. N. Las Vegas Police Dep't*, 2013 WL 6839421, at *10 (D. Nev. Dec. 23, 2013).

[19] *Huff*, 2013 WL 6839421, at *10.

[20] *Jarvis v. City of Mesquite Police Dep't.*, 2012 WL 600804, at *5 (D. Nev. Feb. 23, 2012) (citing *Nurse v. United States*, 226 F.3d 996, 1002 (9th Cir. 2000) ("In general, governmental conduct cannot be discretionary if it violates a legal mandate.")).

4

from the legislative or executive branches. And what level of force to use in any given situation is not an integral part of governmental policy-making or planning. So, I deny the defendants' request for summary judgment on the plaintiffs' wrongful-death claim because they are not entitled to discretionary immunity in this case.

**C.     NIED**

Under Nevada law, a family member "who witnesses an accident may recover for emotional distress in certain limited situations."[21] To recover, the plaintiff "must prove that he or she (1) was located near the scene; (2) was emotionally injured by the contemporaneous sensory observance of the accident; and (3) was closely related to the victim."[22] The defendants contend that Maria and Moises heard the incident—Abel being shot multiple times—but saw only the result of the incident—Abel's death—and therefore cannot show facts sufficient to prove an NIED claim.[23] The defendants rely on the California Court of Appeals' holding in *Ra v. Superior Court*[24] to support their theory.

In *Ra*, a plaintiff filed an NIED claim after her husband was struck on the head by a large overhead sign in a retail establishment.[25] The plaintiff did not see the sign strike her husband, but she did hear the sound of the impact.[26] She then turned to look for her husband and saw him on his knees grasping his head in pain.[27] The *Ra* court found that the plaintiff failed to establish an NIED claim, reasoning, "[i]t is the traumatic effect of the perception of the infliction of injury

---

[21] *Grotts v. Zahner*, 989 P.2d 415, 416 (Nev. 1999).

[22] *Id.* (citing *State v. Eaton*, 710 P.2d 1370, 1377–78 (Nev. 1985), *overruled on other grounds by State ex rel. Dep't of Transp. v. Hill*, 963 P.2d 480 (Nev. 1998)).

[23] *See* ECF No. 32 at 30.

[24] *Ra v. Superior Court*, 64 Cal. Rptr. 3d 539 (Cal. Ct. App. Aug. 15, 2007).

[25] *Ra*, 64 Cal. Rptr. 3d at 540–41.

[26] *Id.*

[27] *Id.*

on a closely related person (whether visual or not) that is actionable, not the observation of the consequences."[28]

Abel was shot at close range by two officers while he was exiting a coat closet next to the front entryway of Maria's home. Moises was outside of the house but nearby when Abel was shot. Maria was in the adjoining kitchen, feet away.[29] Moises knew that Abel was in the closet and was aware that the officers were about to make contact with him before he heard the shots. Maria testified that she "saw him dropping" to the ground after she heard shots fired from feet away.

While *Ra* can be considered persuasive authority, the facts of this case are too distinguishable for *Ra* to control the result here. There is sufficient evidence in the record to show that Maria and Moises were traumatically affected by the infliction of injury to Abel that they perceived. They were located near the scene of the accident; indeed, Maria was feet away when Abel was shot in her home. A reasonable jury could thus conclude, based on the evidence presented, that Maria and Moises were "emotionally injured by the contemporaneous sensory observance" of Abel's death. So, with these genuine issues of material fact, I deny summary judgment on Maria and Moises's NIED claim.[30]

**D.    Sheriff Lombardo**

Both parties agree that all remaining claims against Joseph Lombardo should be dismissed because he was not personally involved in any of the violations that the plaintiffs allege. I agree, and grant the motion for judgment in Sheriff Lombardo's favor.

---

[28] *Id.* at 546.

[29] *See generally* Video at Exhibit N, showing layout of home.

[30] The defendants argue that Gilberto and Ricardo also have no basis to pursue an NIED claim because they were not present when the incident occurred. However, the complaint only asserts this NIED claim on behalf of Maria and Moises, and the plaintiffs do not argue in their response to the summary-judgment motion that Gilberto and Ricardo have such a claim. So, because Gilberto and Ricardo don't assert an NIED claim, I don't consider the defendants' arguments for its adjudication.

## Conclusion

Accordingly, it is HEREBY ORDERED that the defendants' motion for summary judgment **[ECF No. 32] is GRANTED IN PART.** Summary judgment is GRANTED in favor of Defendant Sheriff Lombardo on all claims against him. The motion is DENIED WITHOUT PREJUDICE on the excessive-force and survival claims. **The plaintiffs must substitute a duly-appointed administrator of Abel Correa's estate as a real party in interest by April 30, 2018.** The motion is DENIED in all other respects.

It is FURTHER ORDERED that the deadline for any final dispositive motions consistent with this order is now **May 31, 2018.**

Dated: March 27, 2018

_____
U.S. District Judge Jennifer A. Dorsey